any" were "so made," he directly conveyed to the jury the idea that there was a doubt existing in his mind as to whether the threats had been made.

If the question of threats was to be left with the jury as not being disputed, no authority existed to place a limitation thereon. The fact that there was a limitation placed thereon conveyed to the jury that there was a very definite question as to whether the threats were made.

It is thus apparent that the trial court, in his charge, definitely raised an issue as to whether the threats were made. Therefore, there is no place, here, for an application of the rule of harmless error which the majority opinion relies upon.

Appellant was entitled to a correct charge submitting his defense. This was not accorded to him.

I respectfully dissent.

No attorney for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is the unlawful sale of whiskey in a dry area; the punishment, a fine of $250.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed, and no motion for rehearing will be entertained in this case.